IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02728-BNB

KALIFAH INMAN MUHAMMAD MUSTAFA ABDULLAH, a.k.a. MUHAMMAD MUSTAFA ABDULLAH,[1]

Plaintiff,

v.

HARLEY P. LAPPIN,
WARDEN DAVIS,
WARDEN WILEY,
A.W. FOX,
A.W. JONES,
U.M. COLLINS,
C.M. SUDLOW, and
COUNSELOR KNOX,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Muhammad Mustafa Abdullah, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Pursuant to the Court's Order to Cure Deficiencies entered on November 19, 2009, Plaintiff filed his claims on a Court-approved form used in filing prisoner complaints.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

---

[1] Although Plaintiff continues to identify his name as Kalifah Inman Muhammad Mustafa Abdullah, the Inmate Locator link on the Bureau of Prisons website and the account statement he submitted to the Court previously identify his name as Muhammad Mustafa Abdullah,

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff's allegations are difficult to understand because his handwriting is illegible and his claims are unintelligible. Plaintiff, therefore, will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Complaint also is deficient because in the text of the Complaint (Pages Three through Five) Plaintiff asserts claims against individuals who are not named in

the caption on Page One of the Complaint form and on Page Two under Section "A. Parties." Plaintiff is instructed that he must list all defendants in the caption and in Section A. Plaintiff also is reminded that he must provide the addresses for each named defendant in Section A.

Furthermore, Plaintiff must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims in the text of the Complaint. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff further is instructed that to state a claim in federal court his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also notes that Plaintiff has filed several pleadings (Doc. Nos. 3, 4, 9, 10, 13, 14, 16, and 17) that do not comply with the Local Rules of Practice of the United States District Court for the District of Colorado. Under Local Rule 10.1.B documents are to be filed with the Court on 8 ½ by 11-inch paper. Plaintiff writes his pleadings sideways on an 11 by 8 ½ inch paper. Plaintiff is instructed to write on the lines provided on the paper and to not write on the paper sideways. Plaintiff further is instructed to comply with Local Rule 10.1.C by conforming to the proper margins on each page, which are 1 ½ inches at the top and 1 inch at the left, right, and bottom. Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice

DATED March 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02728-BNB

Khalifah Inman Muhammad Mustafa Abdullah
Reg. No. 00115-000
ADX - Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/16/10

GREGORY C. LANGHAM, CLERK

By: /s/ Deputy Clerk