IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02728-BNB

KALIFAH INMAN MUHAMMAD MUSTAFA ABDULLAH, a.k.a. MUHAMMAD MUSTAFA ABDULLAH,[1]

Plaintiff,

v.

HARLEY P. LAPPIN,
WARDEN DAVIS,
WARDEN WILEY,
A.W. FOX,
A.W. JONES,
U.M. COLLINS,
C.M. SUDLOW, and
COUNSELOR KNOX,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A FINAL
SECOND AMENDED COMPLAINT

---

Plaintiff initiated this action by filing a Writ of Mandamus. Plaintiff was instructed to assert his claims on a Court-approved form, which he did on January 5, 2010. Subsequently, after Plaintiff paid the initial partial filing fee on March 11, 2010, the Court proceeded to review the merits of the January 5 Complaint. In an order entered on March 16, 2010, the Court instructed Plaintiff to file an Amended Complaint that complied with Fed. R. Civ. P. 8. Plaintiff was directed to list all defendants in both the caption of the Complaint on Page One and in Section "A. Parties." Plaintiff further was

---

[1] Although Plaintiff continues to identify his name as Kalifah Inman Muhammad Mustafa Abdullah, the Inmate Locator link on the Bureau of Prisons website and the account statement he submitted to the Court previously identify him as Muhammad Mustafa Abdullah,

instructed to allege personal participation by each named Defendant and to state what each defendant did to harm him and how they violated his constitutional rights. Plaintiff also was instructed to conform his pleadings to the proper margins and to not write sideways on the paper. The Court further noted that Plaintiff's handwriting is illegible.

On April 16, 2010, Plaintiff filed two completed Prisoner Complaint forms and a separate pleading titled, "C. Nature of Case." Also on April 19, 2010, Plaintiff filed a separate pleading again titled, "C. Nature of Case." The pleadings, although more legible than previous filings, still are difficult to read. Plaintiff's pleadings also in part do not conform to the required margins. Plaintiff, however, demonstrates his ability to write legibly and within the margins in portions of the recently filed pleadings.

To the extent the Court is able to read the pleadings, the Court finds that Plaintiff still asserts claims against individuals in the body of the Complaint but does not list them as named defendants in the caption on Page One of the Complaint form and in Section A. Plaintiff also fails to assert a short and concise statement of his claims. Plaintiff, nonetheless, will be allowed to file a Second Amended Complaint. Plaintiff is directed to state all of his claims in **one** pleading. Plaintiff may use blank pieces of paper if needed to state his claims, but all additional pages must be attached to the complaint form.

The Clerk of the Court will be directed to return to Plaintiff copies of the recent pleadings that he filed with the Court along with his Amended Complaints. Plaintiff is directed to use the returned pleadings to assist him in writing his Second Amended Complaint. Plaintiff is reminded that the Second Amended Complaint must be legibly written, must conform to the margin requirements, and must contain a short and plain

statement of what each named defendant did to him, how the defendants harmed him, and what legal right the defendants violated.

Plaintiff also appears to assert that the Court has limited the individuals he may name as defendants in this case. The named defendants identified on the Court's March 16, 2010, Order directing him to amend are those that Plaintiff identified in the caption on Page One of the Complaint form that he filed on January 5, 2010. The Clerk of the Court will be directed to send a copy of the January 5 pleading to Plaintiff so that he may refer to it when preparing the Second Amended Complaint for filing in this Court.

Plaintiff further is reminded that he has not made his monthly payment of twenty percent of the preceding month's income credited to his trust fund account for the month of April or in the alternative shown cause why he has no assets and no means by which to make the monthly payment as he was directed to do in the Court's order entered on January 27, 2010. Plaintiff should either make the monthly payment or show cause by the fifteenth day of each month.

With respect to Plaintiff's Motion for Change of Venue (Doc. No. 20), under 28 U.S.C. § 1404 a transfer of a case to a different federal court is within the sound judicial discretion of a trial judge. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Nothing in Plaintiff's Motion, however, justifies a transfer of this case under § 1404. Plaintiff's Motion will be denied. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a final Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Court-approved complaint form for use in filing the Second Amended Complaint. Plaintiff does not need to file two copies of the Second Amended Complaint. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff copies of Document Nos. 6, 21, 22, 24, and 25. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order within the time allowed the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion for Change of Venue (Doc. No. 20) is DENIED.

DATED April 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02728-BNB

Khalifah Inman Muhammad Mustafa Abdullah
a/k/a Muhammad Mustafa Abdullah
Reg. No. 00115-000
ADX - Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint and Document Nos. 6, 21, 22, 24, and 25** to the above-named individuals on 4/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk