IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02728-BNB

KALIFAH INMAN MUHAMMAD MUSTAFA ABDULLAH, a.k.a. MUHAMMAD MUSTAFA ABDULLAH,

Plaintiff,

v.

HARLEY P. LAPPIN,
WARDEN DAVIS,
WARDEN WILEY,
A.W. FOX,
A.W. JONES,
U.M. COLLINS,
C.M. SUDLOW, and
COUNSELOR KNOX,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER

---

Plaintiff, Kalifah Inman Muhammad Mustafa Abdullah, a.k.a. Muhammad Mustafa Abdullah, is a federal prisoner housed in the State of Colorado. The Plaintiff has failed to comply with an order entered on January 27, 2010, instructing him to make monthly payments of twenty percent of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment.

This case has under initial review since November 19, 2009. During that time Plaintiff has filed three amended complaints. (*See* Doc. Nos. 5, 6, 21, 22, and 29.) On two occasions Plaintiff filed two separate amended complaints when only one complaint was appropriate. Plaintiff also has filed a number of separate pleadings including:

(1) Motion to Delete (Doc. No. 4); (2) Motion to Acknowledge Compliance of Correcting Deficiencies and Current Violations (Doc. No. 9); (3) Motion to Seek Court's Legal Knowledge (Doc. No. 10); (4) Motion to Acknowledge Correction of Number of Defendants (Doc. No. 13); (5) Motion for Court Communication, Consideration, and Fair Adjudication (Doc. No. 14); (6) Motion for Court Acknowledge (Doc. No. 16); (7) Motion for Court Acknowledge of Receipt of $8.00 (Doc. No. 17); and (8) Motion for Change of Venue (Doc. No. 20). Each of the pleadings include rambling, disjointed claims. Finally, on April 21, 2010, the Court instructed Plaintiff to file a Second Amended Complaint that included in one pleading all of his claims.

The April 21 Order also reminded Plaintiff that he had not made his monthly payment or submitted a current certified copy of this trust fund account statement showing that he has no assets with which to make the monthly payment.

Plaintiff filed a Second Amended Complaint on April 28, 2010. He failed to acknowledge the requirement regarding the monthly filing fee, however. The Court, therefore, ordered Plaintiff to show cause why the action should not be dismissed for failure to comply with the January 27 Order.

On May 24, 2010, Plaintiff filed a Motion for Relief in which he complains about his treatment and asserts discrimination based on his religion and race. Plaintiff also asserts in the Motion that the Court should not penalize him by dismissing the action "for procedures beyond his control." (Doc. No. 31 at 4.) He contends that he has "exhausted all his remedies to send money out" and that Collins told him that he is "telling Finance Office [to] not send Receipt or Reports [when] I send money out." (*Id.* at 3-4.) Plaintiff also attached a copy of a "Federal Correctional Complex Florence,

Colorado, Informal Resolution Form" dated May 15, 2010, that he appears to have submitted to prison staff. Although the form is difficult to read, it appears that Plaintiff stated he has been denied copies of a Prison Finance Reports and Receipts for the money he sent to the Court in March and April. (*Id.* at 5.)

In light of Plaintiff's May 24 pleading, on June 10, 2010, the Court entered an Order instructing the Warden to respond and verify whether Plaintiff has properly requested a current certified copy of his trust fund account statement or withdrawal of money from his inmate account, and whether Plaintiff has been denied either copy of his trust fund account statement or the withdrawal of funds from his account for payment of the monthly fee to the Court in this case. (Doc. No. 32.) On July 9, 2010, the Warden responded, providing the Declaration of Benjamin J. Brieschke, a Senior Attorney at the BOP. In the Declaration, Mr. Brieschke states that he has access to BOP records, including information regarding an inmate's trust fund account (Doc. No. 34-1 at 2); that the only request for an account statement by Plaintiff was made on January 14, 2010; and that Plaintiff has not made a request for or been denied either a copy of his account statement or the withdrawal of money since his payment of $18.00 to the Court on March 18, 2010,

Plaintiff submitted two pleadings in an attempt to address why he has failed to submit either an account statement or a monthly payment. The first pleading, titled "Relief and Right to Rebuttal," was submitted prior to the Warden's response. (Doc. No. 33.) It is largely illegible. On Page Six, however, Plaintiff states that he requested and completed two withdrawal forms in April and May, but the prison finance officer will not provide him with a copy of the six-month transaction form and the withdrawal forms.

(Doc. No. 33 at 6.) Plaintiff also attached a copy of an Informal Resolution Form that has an issue date of June 17, 2010. On the form, Plaintiff appears to assert that he has requested a six-month finance statement numerous times showing all transactions, and that the prison finance officer, even after being shown the Court's order, refused to provide Plaintiff with the withdrawal forms.

In the Second pleading, titled "Rebuttal to Warden's Response," filed after the Warden filed a Response, Plaintiff states that he sent a request for withdrawal forms, including three for Court payments in April, May, and June. Plaintiff attached a copy of an Inmate Statement dated June 17, 2010, that does not show any account transactions, but on which he has addressed a request to Jeff Cooper for five withdrawal forms, including three forms for payments due to the Court in April, May, and June. It appears that the request was received by Florence Financial Management (FFC) on June 28, 2010.

Although the Declaration provided by Mr. Brieschke sets forth the procedure by which an inmate may receive an account statement, he fails to explain how an inmate requests withdrawal of funds. This information is necessary because Plaintiff asserts that he has requested withdrawal forms but that he has been denied both the forms to complete and copies of the forms that he sent to FFC but which he claims were not processed. Therefore, the Court requests that the Warden assist Plaintiff in properly obtaining necessary copies of his prisoner account statement and/or monthly payments for April, May, June, and July as required by this Court for prosecution of this Complaint.

Plaintiff is instructed that he must follow prison procedures to obtain his account

4

statement and to withdraw funds from his inmate account. Plaintiff also is instructed that the only proper filing with this Court at this time is a certified copy of his trust fund account statement that includes transactions from April to the present and any required monthly payments for April, May, June, and July. Plaintiff is to refrain from submitting additional pleadings regarding the conditions of his confinement, **all** claims having been required to be included in his Second Amended Complaint filed on April 28, 2010. Accordingly, it is

ORDERED that the Clerk of the Court send a copy of the instant Order to the Florence ADMAX USP Warden. It is

FURTHER ORDERED that the Warden or appropriate prison staff member is requested to assist Plaintiff in obtaining a certified copy of his prison account statement showing transactions in Plaintiff's prison account from April 2010 to the present and withdrawing funds from Plaintiff's account for required payments to the Court for April, May, June, and July as required pursuant to the Court's Order entered on January 27, 2010. It is

FURTHER ORDERED that the Warden or appropriate prison staff member within thirty days of the date of this Order shall inform the Court of the completion of Court's directives. It is

FURTHER ORDERED that Plaintiff comply with the directives of this Order and submit the required forms to the proper prison official for obtaining a certified copy of his trust fund account statement and withdrawing funds from his prisoner account to be submitted to the Court as required under 28 U.S.C. § 1915.

DATED July 29, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02728-BNB

Khalifah Inman Muhammad Mustafa Abdullah
a/k/a Muhammad Mustafa Abdullah
Reg. No. 00115-000
ADX - Florence
PO Box 8500
Florence, CO 81226-8500

Florence ADMAX USP Warden
US Penitentiary
5880 Hwy 67 South
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/29/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk