IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02728-BNB

KALIFAH INMAN MUHAMMAD MUSTAFA ABDULLAH, a.k.a. MUHAMMAD MUSTAFA ABDULLAH,

    Plaintiff,

v.

HARLEY P. LAPPIN,
WARDEN DAVIS,
WARDEN WILEY,
A.W. FOX,
A.W. JONES,
U.M. COLLINS,
C.M. SUDLOW, and
COUNSELOR KNOX,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2010

GREGORY C. LANGHAM
CLERK

---

ORDER

---

Plaintiff, Kalifah Inman Muhammad Mustafa Abdullah, a.k.a. Muhammad Mustafa Abdullah, is a federal prisoner housed in the State of Colorado. This case has been under initial review since November 19, 2009. During that time, Plaintiff has filed three amended complaints. (**See** Doc. Nos. 5, 6, 21, 22, and 29.) On two occasions, Plaintiff filed two separate amended complaints when only one complaint was appropriate. Plaintiff also has filed a multitude of separate pleadings including: (1) Motion to Delete (Doc. No. 4); (2) Motion to Acknowledge Compliance of Correcting Deficiencies and Current Violations (Doc. No. 9); (3) Motion to Seek Court's Legal Knowledge (Doc. No. 10); (4) Motion to Acknowledge Correction of Number of Defendants (Doc. No. 13); (5) Motion for Court Communication, Consideration, and Fair Adjudication (Doc. No. 14);

(6) Motion for Court Acknowledge (Doc. No. 16); (7) Motion for Court Acknowledge of Receipt of $8.00 (Doc. No. 17); and (8) Motion for Change of Venue (Doc. No. 20). Each of the pleadings include rambling, disjointed claims. Finally, on April 21, 2010, the Court entered an order instructing Plaintiff to file a Second Amended Complaint and to include all of his claims in one pleading.

The Court also reminded Plaintiff in the April 21 Order that he had not made his monthly payment or submitted a current certified trust fund account statement showing cause why he has no assets and no means by which to make the monthly payment. Plaintiff filed a Second Amended Complaint on April 28, 2010. He, however, failed to acknowledge the Court's reminder in the April 21 Order either to submit a payment or file a certified account statement showing that he did not have the funds to make a payment. The Court, therefore, entered an order on May 4, 2010, directing Plaintiff to show cause why the action should not be dismissed for failure to comply with the January 27 Order.

On May 24, 2010, Plaintiff filed a Motion for Relief in which he complains about his treatment and asserts discrimination based on his religion and race. Plaintiff also asserts in the Motion that he should not be penalized "for procedures beyond his control." (Doc. No. 31 at 4.) He contends that he has "exhausted all his remedies to send money out" and that Collins told him that he is "telling Finance Office [to] not send Receipt or Reports [when] I send money out." (*Id.* at 3-4.) Plaintiff also attached a copy of a "Federal Correctional Complex Florence, Colorado, Informal Resolution Form" dated May 15, 2010, that he appears to have submitted to prison staff. Although the form is difficult to read, it appears in part that Plaintiff states he has been denied copies

of a Prison Finance Reports and Receipts for the money he claims he sent to the Court in March and April. (*Id.* at 5.)

In light of Plaintiff's May 24 pleading, on June 10, 2010, the Court entered an order instructing the Warden to respond and verify whether Plaintiff has properly requested a current certified account statement or withdrawal of money from his inmate account and whether Plaintiff has been denied either a current certified copy of his trust fund account statement or the withdrawal of funds from his account for payment of the monthly fee to the Court in this case. (Doc. No. 32.) On July 9, 2010, the Warden responded, providing a Declaration by Benjamin J. Brieschke, a Senior Attorney at the BOP. In the Declaration, Mr. Brieschke asserts that he has access to BOP records, including information regarding an inmate's trust fund account (Doc. No. 34-1 at 2); that the only request for an account statement by Plaintiff was made on January 14, 2010; and that Plaintiff has not made a request for or been denied either a copy of his account statement or the withdrawal of money since his payment of $18.00 to the Court on March 18, 2010.

Plaintiff submitted two pleadings in an attempt to address why he has failed to submit either his account statement or a monthly payment. The first pleading, titled "Relief and Right to Rebuttal," was submitted prior to the Warden's response. (Doc. No. 33 at 4.) It is largely illegible. On Page Six, however, Plaintiff states that he requested and completed two withdrawal forms in April and in May, but the prison finance office would not provide him with a copy of the six-month transaction form and the withdrawal forms. (Doc. No. 33 at 6.) Plaintiff also attached a copy of an Informal Resolution Form that has an issue date of June 17, 2010. On the form, Plaintiff appears to assert that he

has requested a six-month finance statement numerous times showing all transactions and that the prison finance officer, even after being shown the Court's order, refused to provide Plaintiff with the withdrawal forms.

In the second pleading, titled "Rebuttal to Warden's Response," filed after the Warden filed a Response, Plaintiff states that he sent a request for withdrawal forms, including three for the Court for payments in April, May, and June. Plaintiff attached a copy of an Inmate Statement dated June 17, 2010, that does not show any account transactions, but on which he has addressed a request to Jeff Cooper for five withdrawal forms, including three forms for payments due to the Court in April, May, and June. It appears that the request was received by FCC Florence Financial Management (FFM) on June 28, 2010.

Although the Declaration provided by Mr. Brieschke sets forth the procedure by which an inmate may receive an account statement, it fails to explain how an inmate requests withdrawal of funds from his account. The Court found the information to be necessary because Plaintiff asserts he has requested withdrawal forms but was denied the forms to complete, and the forms he sent to FFM were not processed. Therefore, on July 29, 2010, the Court requested that the Warden assist Plaintiff in obtaining necessary prisoner account statements and/or monthly payments for April, May, June, and July as required by this Court for prosecution of this Complaint.

On August 30, 2010, Warden Davis, through counsel, entered a Notice of Compliance with the July 29 Order. In the Notice, the Warden acknowledges that the Court directed him to assist Plaintiff in obtaining necessary account statements and/or monthly payments for April, May, June, and July of 2010. The Warden also attached a

Declaration by Benjamin J. Brieschke stating that on August 16, 2010, Plaintiff was provided with his account statements for April, May, June, and July. As further evidence of compliance, a Receipt of Acknowledgment evidencing hand delivery of the statements to Plaintiff was attached to the Declaration. The Receipt is dated August 16, 2010, and signed by Margie Bier. The Receipt states that Plaintiff received his April, June, and July 2010 account statements, but he refused to sign the Receipt.

On September 22, 2010, Plaintiff replied to the Notice. In the Reply, Plaintiff asserts that Director Lappin, Warden Davis, and Executive Assistant Collins have steadfastly refused to give him a copy of his "funds" for April, May, and June. Although Plaintiff further asserts that Mr. Collins came to his cell and told him that "we are sending you any more account information," it appears Plaintiff intends to say that Mr. Collins stated to him that the BOP would **not** provide him with any further account information. Plaintiff, however, does not address the Receipt prepared by Ms. Bier.

Although Ms. Bier states in the Receipt that Plaintiff only received statements for April, June, and July, rather than statements for April, May, June, and July, Plaintiff does not deny that Ms. Bier came to his cell and gave him copies of his account statements for the months indicated. Plaintiff has not submitted the account statements to the Court that he received nor does he claim that the statements were not certified. Plaintiff also does not assert he was denied the ability to request that money be sent to the Court after he received his account statements.

The Court has given Plaintiff ample opportunities to prosecute his Complaint. When Plaintiff claimed that prison staff would not assist him in obtaining either account statements or disbursement of funds from his account, the Court engaged the Warden's

...

assistance to determine if indeed prison staff refused Plaintiff's requests for account statements and payments to the Court. As stated above, the Warden asserts that the only request by Plaintiff for an account statement was made on January 14, 2010, and the only payment made to the Court by Plaintiff was withdrawn from Plaintiff's account on March 2, 2010.

The Court notes that none of Plaintiff's claims regarding the denial of either account statements or payments provide specific, supporting facts, including dates he requested statements or payments and who denied his requests any why. Even now, Plaintiff fails to assert the date Defendant Collins allegedly came to his cell and told him he would not receive any more information about his funds. Furthermore, Plaintiff blatantly ignores the Acknowledgment of Receipt prepared and signed by Ms. Bier. Based on the above findings, it appears that Plaintiff is attempting to proceed in the instant action without having to pay the balance of his filing fee.

Nonetheless, for the reasons stated below, the Court will allow Plaintiff one last opportunity to comply with the Court's January 27 Order. Even though the Warden acknowledges that the Court directed him to assist Plaintiff in obtaining necessary funds from his prison account for monthly payments to the Court, the Warden fails to address what prison staff did to assist Plaintiff to withdraw funds from his account. The Warden fails to assert if the account statements provided to Plaintiff were certified and if Plaintiff was provided with a BP-199 form that he completed and returned to his Unit Team for processing with the Business Office. It is not clear based on the information provided by Plaintiff and the Warden whether Plaintiff has been given a fair opportunity by the BOP to request required certified account statements or monthly payments. The Court,

therefore, will provide to Plaintiff an authorization form to complete that allows the Court to direct the BOP to automatically calculate and disburse funds from his account in the amounts specified by 28 U.S.C. § 1915(b) for payment of the filing fee to the Court in this case. Accordingly, it is

ORDERED that an Authorization form is attached to this Order for Plaintiff to sign, date, and return to the Court permitting the BOP to calculate and disburse funds from his trust fund account in the amounts specified by 28 U.S.C. § 1915(b). It is

FURTHER ORDERED that after Plaintiff has returned the Authorization form to the Court, his custodian will be instructed to deduct and make monthly payments to the Court in keeping with 28 U.S.C. § 1915(b) in this case. It is

FURTHER ORDERED that if Plaintiff fails to sign, date, and return the Authorization form within thirty days from the date of this Order the action will be dismissed without further notice.

DATED October 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02728-BNB

Khalifah Inman Muhammad Mustafa Abdullah
a/k/a Muhammad Mustafa Abdullah
Reg. No. 00115-000
ADX - Florence
PO Box 8500
Florence, CO 81226-8500

J. Benedict Garcia
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** and a copy of the **Authorization Form** to the above-named individuals on 10/4/10

GREGORY C. LANGHAM, CLERK

BY: _____
      Deputy Clerk