IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02728-BNB

KALIFAH INMAN MUHAMMAD MUSTAFA ABDULLAH, a.k.a. MUHAMMAD MUSTAFA ABDULLAH,

    Plaintiff,

v.

HARLEY P. LAPPIN,
WARDEN DAVIS,
WARDEN WILEY,
A.W. FOX,
A.W. JONES,
U.M. COLLINS,
C.M. SUDLOW, and
COUNSELOR KNOX,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2010

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Plaintiff, Kalifah Inman Muhammad Mustafa Abdullah, a.k.a. Muhammad Mustafa Abdullah, is a federal prisoner housed in the State of Colorado. This case has been under initial review since November 19, 2009. On October 4, 2010, Magistrate Judge Boyd N. Boland entered an order that detailed the procedural history of this case. In the October 4 Order, Magistrate Judge Boland noted that although Plaintiff made the initial payment in this case on February 25, 2010, and a monthly payment on March 11, 2010, he has failed to submit to the Court either a monthly payment or a current certified account statement showing that he had insufficient funds in his account to make the monthly payment since April 2010 . Over the past six months, Magistrate Judge Boland has provided sufficient opportunities to Plaintiff either to submit a certified

account statement showing he is unable to submit a monthly payment or to make the payment.

Plaintiff asserted in several different pleadings submitted to the Court that the prison staff would not provide him with account statements or the forms used to request payment to the Court. Magistrate Judge Boland, therefore, on two occasions instructed the warden, where Plaintiff is incarcerated, to verify to the Court that Plaintiff was provided with an account statement or the disbursement of money when he requested either action. Finally, on October 4, after a review of the briefings from the warden and the replies or pleadings from Plaintiff, Magistrate Judge Boland entered an order finding that although neither the warden nor Plaintiff specifically stated if Plaintiff was given a certified account statement or the proper form to request a disbursement of monies for a monthly payment, it appeared that Plaintiff was attempting to proceed in the instant action without having to pay the balance of the filing fee. Nonetheless, Magistrate Judge Boland gave Plaintiff one last opportunity to comply with 28 U.S.C. § 1915(b) by signing an authorization form, which was attached to the October 4 Order sent to Plaintiff, that authorizes the Court to direct the BOP to automatically calculate and disburse funds from his account in the amounts specified by 28 U.S.C. § 1915(b) for payment of the filing fee to the Court in this case.

On October 14, 2010, rather than submitting a signed authorization form that would allow the Court to direct the BOP to make Plaintiff's monthly payments pursuant to § 1915(b), Plaintiff filed a pleading titled "Emergency Motion to Prevent Kill or Be-Kill Situation and Due Favorite Ruling Now." In the Motion, Plaintiff again challenges the conditions of his confinement and claims he is unable to obtain financial statements. Subsequently, on November 9, 2010, Plaintiff filed another pleading titled, "Motion for

Just Ruling." In the Motion for Just Ruling, Plaintiff acknowledges that he received the October 4 Order and the authorization form. Plaintiff, however, argues that the Court is requiring him to send money to the Court even though he has received no relief. This claim is without merit. Notwithstanding any portion of a filing fee that may have been paid, the Court is required to dismiss a case at any time if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *See* § 1915(e)(2). Plaintiff is not guaranteed relief in a prisoner complaint based on the fact that he paid the filing fee.

Plaintiff further argues, although incorrectly, that the Court is requiring him to make one payment for the past six months. Nothing in the October 4 Order or the authorization form directs payment in a lump sum for the past six months. Magistrate Judge Boland has been lenient in providing Plaintiff with opportunities to comply with the January 27, 2010, Order that directs him to submit monthly payments or show cause why he is not able to submit a monthly payment in keeping with § 1915(b). It is clear that Plaintiff is refusing to comply with the January 27 Order.

The Court notes that this action is not the first time that Plaintiff has failed to comply with an order entered by this Court and, as a result, has had a case dismissed. *See Abdullah v. Lappin*, No. 09-cv-02368-ZLW (D. Colo. Nov. 19, 2009) (dismissed for failure to cure deficiencies); *Abdullah v. Lappin, et al.*, No. 09-1990-ZLW (D. Colo. Oct. 22, 2009) (dismissed for failure to cure deficiencies); *Abdullah v. Wiley, et al.*, No. 09-cv-00206-ZLW (D. Colo. Mar. 19, 2009) (dismissed for failure to cure deficiencies); *Abdullah v. Wiley, et al.*, No. 08-cv-02004-ZLW (D. Colo. Nov. 5, 2008) (dismissed for failure to cure deficiencies). The Court further finds that Plaintiff has filed prisoner

complaints in other federal courts. Previously, in *Abdullah v. O'Brien, et al.*, No. 7:07-cv-00040-SGW-MFU (W.D. Va. May 21, 2007), Plaintiff filed a prisoner complaint asserting that while he was incarcerated at USP Lee, prison staff denied him adequate medical care, subjected him to cruel and unusual living conditions, failed to protect him, violated his right to due process, and denied him access to the courts. Case No. 07-cv-00040 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and the matter was stricken from the active docket. Plaintiff also appears to have filed several lawsuits during the time he was housed in Washington D.C.[1] *See Abdullah v. Barry, Jr.*, No. 89-cv-03429-JHG (D. D.C. Jan. 16, 1997) (represented by counsel and settlement awarded); *Abdullah v. Braxton, et al.*, No. 88-cv-01655-LFO (D. D.C. May 24, 1989) (dismissed for failure to state a claim); *Abdullah v. Durham, et al.*, No. 88-cv-01560-LFO (D. D.C. Feb. 28, 1929) (dismissed on summary judgment); *Abdullah v. Braxton. et al.*, No. 88-cv-01559-LFO (D. D.C. Feb. 28, 1989) (dismissed on summary judgment); *Abdullah v. Braxton, et al.*, No. 88-cv-01558-LFO (D. D.C. Feb. 23, 1989) (dismissed on summary judgment); *Abdullah v. Braxton, et al.*, No. 88-cv-01557-LFO (D. D.C. Feb. 22, 1989) (dismissed on summary judgment); *Abdullah v. Braxton, et al.*, No. 88-cv-00139-JHG (D. D.C. Apr. 18, 1988) (settlement).

This Court takes seriously a prisoner's claims of unconstitutional conditions of confinement. Plaintiff, however, willfully has ignored the Court's direction to comply with § 1915(b). Plaintiff may challenge his conditions of confinement, but to do so he

---

[1] Plaintiff first filed Case No. 07-cv-00040 in *Abdullah v. O'Brien, et al.*, No. 06-cv-02200-UNA (D. D.C. Jan. 22, 2007), in the United States District Court for the District of Columbia. The District of Columbia transferred the case to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404(a). On the *in forma pauperis* affidavit Plaintiff originally filed with the complaint in Case No. 06-cv-02200, Plaintiff states that prior to being placed at USP Lee **he was held at the Washington D.C. Detention Center**.

must submit a monthly payment as required or execute the consent to have the BOP automatically calculate and disburse funds from his account in the amounts specified by 28 U.S.C. § 1915(b) for payment of the filing fee, as suggested by Magistrate Judge Boland in the October 4 Order.

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." *Id.* at 921. Because Plaintiff is proceeding pro se, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." *Id.* at 920 n. 3.

Here, the Court finds the following with respect to the *Ehrenhaus* factors. First, defendants are prejudiced to the extent that Plaintiff's actions required the warden and his counsel to expend time and respond to the two inquiries that Magistrate Judge Boland directed them to answer. Second, there is interference with the judicial process because rather than attending to the merits of this and other cases on the Court's docket, the Court has been required to devote attention to Plaintiff's failure to comply with a court order and with the requirements of 28 U.S.C. § 1915(b). In addition, Plaintiff's conduct evidenced a lack of respect for the judicial process. Third, Plaintiff is culpable because when provided with an opportunity by Magistrate Judge Boland to overcome the alleged inability to obtain disbursement of monies or certified account

statements he refused to submit an authorization form, which would require the BOP to pay the monthly fee in keeping with § 1915(b). Fourth, the Court twice warned Plaintiff of the possibility of dismissal if he failed to follow the Court's orders, both in the Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee (Doc. No. 1) and in the Order to Show Cause (Docket No. 30). Fifth, because Plaintiff is proceeding *in forma pauperis,* a monetary sanction would be ineffective. Weighing these factors, dismissal under § 1915(e)(2)(B)(i) is appropriate. Accordingly, it is

ORDERED that the Complaint and action are dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED at Denver, Colorado, this 1st day of December, 2010.

BY THE COURT:

*[signature: Zita Leeson Weinshienk]*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02728-ZLW

Muhammad Mustafa Abdullah
Reg No. 00115-000
ADX – Florence
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/2/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk